**CASHWAY BUILDING MATERIALS, INC., Appellant,**

v.

**Ralph McCURDY et ux., Appellees.**

**No. 6545.**

Court of Civil Appeals of Texas, El Paso.

June 22, 1977.

Rehearing Denied July 20, 1977.

Amended Motion for Rehearing Denied July 20, 1977.

Edwards, Belk, Hunter & Kerr, John W. Welsh, Jr., T. O. Gilstrap, Jr., El Paso, for appellant.

Law Offices of L. Taylor Zimmerman, P. C., L. Taylor Zimmerman, Edelmira Navarro, Jose E. Troche, Dick Stengel, El Paso, for appellees.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

The principal question presented on this appeal is whether "vendor" includes one who sells the services of others under rules of a prize contest which excluded employees and vendors of the sponsor.

In conjunction with the grand opening of a new store, the Appellant, Cashway Building Materials, held a prize contest and awarded prizes to persons whose names were drawn. Appellee McCurdy's name was drawn, but Cashway refused him the prize because he was a security guard in their store. They held a second drawing and gave the prize to another person. A rule of the contest provided that no employees, their relatives, or vendors of Cashway may register or be eligible to win a prize. Appellant contracted for such security guards to be furnished them by an independent contractor named Security Guard Service, Inc. Based on a jury finding that Appellee was not an employee of Cashway, the trial Court awarded judgment to the Appellee for the value of the prize of a $7,498.00 truck and camper. We are of the opinion that the judgment must be reversed on the basis that the Appellee was an employee of a vendor as a matter of law.

As indicated, the trial Court submitted an issue as to whether Appellee was an employee of Cashway, but refused to submit an issue on the question of whether he was an employee of a vendor of Cashway. Appellant assigns error in that and also contends that the trial Court erred as a matter of law in not directing a verdict for the Appellant because the undisputed facts reflect that Appellee was an employee of a vendor and, therefore, a vendor, making him ineligible to accept a prize. It is undisputed that the Appellee was an employee of Security Guard Service, Inc., and that Security Guard Service, Inc. furnished guards, including Appellee, for Appellant under contract.

The Vice President of Appellant who wrote the rules of the contest testified at length as to their purpose and the reasons for excluding employees and vendors. He testified that the reason for having the contest was to promote goodwill and good public relations and to get customers to come to Cashway; that the reasons for the

rules were to prevent employees, vendors, or anyone else having an unfair advantage from winning the contest when they work for Appellant; and that the contest was for the benefit of the customers and they wanted to insure that a customer would win, and no one could win that had an unfair advantage. To enter the contest, one filled out a blank form and deposited it in the barrel from which the winning tickets would be drawn. These blanks were available throughout the store and a person could enter as many times as he wished. There were some 250,000 entries, and out of that number Appellee and his wife each won a prize.

The evidence was that in addition to employees, there were other groups who had access to the contest blanks who were in a position to take unfair advantage, and it was the desire of the Appellant to eliminate those people. Manufacturers and vendors who did business with Appellant sent their representatives to work as salespersons in the store during the grand opening, and it was common practice for these representatives of vendors to work from a few days to as long as two or three weeks teaching the regular employees how to sell their products and waiting on customers just like the regular employees. Others who fell within the definition of being in a position to take an unfair advantage were employees of those who furnished services to Appellant under contract; the security guards were one such group; another was a maintenance company that kept the floors and whose employees were in the store both during the day and at night; and there was a sanitation contractor whose employees maintained the restrooms and sanitized the building. With this explanation of the rules, it is evident that the intent was that vendors should be excluded, and that there was no distinction between the vendor of "goods" and the vendor of "services."

In construing the word "vendor" as used in the contest rule, we are of the opinion that we must consider the purpose of the rule, the object sought to be accomplished by it, and the context in which the term was used. We have found no Texas case construing a contest of this nature, but in reaching the above decision we follow the reasoning of a Missouri case, *Krueger v. Elder Mfg. Co.*, 260 S.W.2d 349 (Mo.App. 1953). In announcing that rule, the Missouri Court was construing the word "employee," where, as here, the rule excluded employees. The Court said:

"* * * the rule was designed to increase public confidence and encourage wide participation in the contest by removing any possible suspicion of fraud or collusion on the part of those conducting the contest. Considered in this background, it is apparent that the word 'employees' should be interpreted in a broad and nontechnical sense without imposing restrictions and limitations which would emasculate the rule and defeat its purpose."

Applying that reasoning, the word "vendor" should be construed to include both those who sell goods and those who sell services, for under the purposes of the rules there is no valid distinction between the two. Aside from such rules of construction, we are of the opinion that the word "vendor" standing alone is not limited to a seller of goods.

While the rules of the contest required Appellee to establish that he was neither an employee nor a vendor, the trial Court required only proof that he was not an employee. The Court apparently construed "vendor" as limited to one who sells goods or property. We are of the opinion that the word "vendor" standing alone, as it is here, could include a vendor of services as well as a vendor of goods. Appellee relies on the case of *Linen Service Corporation of Texas v. City of Abilene*, 169 S.W.2d 497 (Tex.Civ.App. Eastland 1943, writ ref'd). There, in construing the word "vendor" as used in the City Ordinance, the Court said that the word "vendor," and its synonym "seller," "does not include anyone who does not sell or offer for sale any property of any kind. It does not include anyone who for a consideration renders only services for another, involving no transfer of the ownership of any property." The use of the word

"vendor" in our case is different; the *Abilene* case involved one performing services, while in our case we have a vendor of services, one engaged in selling the services of others. Security Guard Service, Inc. was selling the services of Appellee and other guards to Appellant. Black's Law Dictionary defines "vendor" as a person who transfers property by sale, but Black's Law Dictionary defines its synonym "seller" as one who sells anything. Also persuasive is the fact that the Uniform Commercial Code, Article 5069–6.01, Tex.Rev.Civ.Stat.Ann., defines "seller" as "a person regularly and principally engaged in the business of selling goods or services to retail buyers, but does not include the services of a member of a learned profession." Totally unrelated to the case at bar, but indicative of the fact that "vendor" means more than the seller of goods, is that the Legislature has passed statutory definitions of "vendor of hospital services," Tex.Rev.Civ.Stat.Ann. art. 695j, Sec. 1(c); "vendor of medical services," art. 695j, Sec. 1(b); and "vendor of nursing care," art. 695j, Sec. 1(f). We conclude that the word "vendor" standing alone, in its ordinary meaning, includes a vendor of services as well as a vendor of goods, and that the trial Court erred in limiting it to a vendor of goods in this case.

We have examined Appellant's other points of error and overrule them.

The judgment of the trial Court is reversed and judgment here rendered that Appellee take nothing.