EDITH L. LAMMERT, Plaintiff-Appellant, *v.* LAMMERT INDUSTRIES, INC.,
*et al.*, Defendants-Appellees.

First District (1st Division)   No. 77-1921

Opinion filed October 2, 1978.—Rehearing denied October 30, 1978.

Edwin H. Conger and Karen S. Quandt, both of Tenney & Bentley, of Chicago,
for appellant.

Earle S. Rappaport, Jr., of Edelman & Rappaport, Chartered, and Barney
Padnos, both of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff Edith Lammert obtained a default judgment against
defendants Lammert Industries, Inc., and Nicholas Glyptis. In order to
satisfy the judgment, plaintiff initiated supplementary proceedings to set
aside conveyance of real property made by Glyptis to his wife. The trial
court dismissed plaintiff's petition on the grounds that the proceeding
should have been brought in the county where Mrs. Glyptis resides.

Plaintiff appealed. On appeal, plaintiff argues that a supplementary
proceeding against a third party does not have to be brought in the county
where that person resides if that person had notice of the proceedings and
was adequately represented by counsel.

We affirm.

On December 9, 1974, plaintiff Edith L. Lammert obtained a default
judgment against defendants Lammert Industries, Inc., and Nicholas
Glyptis, its principal officer. The lawsuit arose from the breach of a
consultation agreement executed by defendants and plaintiff's deceased

husband. Defendants later had the judgment vacated through a section 72 petition. Plaintiff appealed the vacatur of the default judgment and also a subsequent order quashing citations to discover assets. This appellate court vacated the circuit court's orders on March 1, 1977, and reinstated plaintiff's judgment and citation proceedings. *Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 360 N.E.2d 1355.

Defendant Nicholas Glyptis and his wife owned, as joint tenants, property located at 400 Belden Avenue, Addison, Illinois. On March 8, 1977, seven days after the appellate court's decision reinstating plaintiff's judgment, Nicholas Glyptis and his wife conveyed title to the property to Chicago Title and Trust Company as trustee. The deed was dated May 25, 1976, and by the trust agreement, Nicholas Glyptis' wife was made the beneficiary. Similarly, another parcel of land located at 849 Westwood Avenue, Addison, was also conveyed by the Glyptis' to Chicago Title and Trust as trustee.

On April 14, 1977, plaintiff directed citations to discover assets to tenants of the property at 400 Belden, Addison. On April 18, citations to discover assets were also directed to Chicago Title and Trust as trustee.

On July 8, 1977, plaintiff filed a petition in the circuit court of Cook County to set aside Nicholas Glyptis' conveyances of his interests in the Belden and Westwood Avenue properties to Chicago Title and Trust. Plaintiff further requested the entry of an order for the sale of his interests in those properties and one-half of any rents due. Relying on Supreme Court Rule 277(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 277(d)), the trial court denied plaintiff's petition, holding that any supplemental proceeding involving the trust properties must be brought in the county of residence of the beneficiary, Irene Glyptis. From that order, plaintiff appeals.

On appeal, plaintiff argues that the trial court erred in holding that the supplementary proceeding should have been brought in the county where Irene Glyptis resides. It is plaintiff's view that the trial court could properly affect her interests since she had notice of the proceedings and was represented in court by an attorney.

We disagree. Supreme Court Rule 277(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 277(d)), reads in relevant part:

> "When Proceeding May Be Commenced. A supplementary proceeding against the judgment debtor may be commenced in the court in which the judgment was entered. A supplementary proceeding against a third party must, and against the judgment debtor may, be commenced in a county of this State in which the party against whom it is brought resides, or, if an individual, is employed or transacts business in person, upon the filing of a transcript of the judgment in the court in that county. If the party

to be cited neither resides nor is employed nor transacts his business in person in this State, the proceeding may be commenced in any county in the State, upon the filing of a transcript of the judgment in the court in the county in which the proceeding is to be commenced."

■■■ The language of this Rule is plain and unambiguous and therefore, does not require construction. (*Department of Public Works & Buildings v. Schon* (1969), 42 Ill. 2d 537, 250 N.E.2d 135.) It requires that when a supplementary proceeding is commenced in the county where that third party resides. This was not done in the instant case. Here, plaintiff filed her petition in the circuit court of Cook County. Irene Glyptis, however, is a resident of Du Page County. The trial court, therefore, merely complied with the plain meaning of Rule 277(d) when it dismissed plaintiff's petition.

Those cases cited by plaintiff for the proposition that a court may properly affect the interests of a claimant who has notice of the proceedings are not relevant. None of them deal with Rule 277(d), in fact, most of them predate it. As to plaintiff's argument that Irene Glyptis waived compliance with Rule 277(d) by appearing with counsel, that argument was not raised below and cannot now be raised on appeal. *Sharkey v. Snow* (1973), 13 Ill. App. 3d 448, 300 N.E.2d 279.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Order affirmed.

GOLDBERG, P. J., and BUCKLEY, J., concur.