HARLEM-IRVING REALTY, INC., *et al.*, Plaintiffs-Appellees, *v.* ROSS ALESI, Defendant-Appellant.

First District (4th Division)    No. 80-1479

Opinion filed September 3, 1981.

John F. Cusack, of Cusack & Cusack, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Nathan M. Cohen, Rosemarie J. Guadnolo, and Andrew B. David, all of Chicago (Arvey, Hodes, Costello & Burman, of counsel), for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

Defendant, Ross Alesi, appeals from an order of the circuit court of Cook County granting summary judgment in favor of the plaintiffs, Harlem-Irving Realty, Inc., and Plaza Promotions, Inc. The proceeding was initiated by plaintiffs, who had sponsored a promotional contest. Plaintiffs sought to recover from defendant, the claimed winner of the contest, the grand prize of a Cadillac automobile.

On appeal, defendant contends: (1) summary judgment was improperly granted because a material issue of fact exists by virtue of an ambiguity in the contest rules and thus a trial on the merits is required; and (2) the trial court erroneously granted a temporary restraining order and permanent injunction against defendant's use of the prize.

We affirm. The pertinent facts follow.

Harlem-Irving Realty, Inc. (Realty), is a business tenant of the shopping center known as Harlem-Irving Plaza, Inc. (Plaza), "a group of stores and other enterprises." The business tenants of the Plaza are members of Plaza Promotions Inc., "a corporation which coordinates and promotes various Plaza activities." In connection with expansion of the Plaza, a "Grand Opening" promotion, a prize drawing contest, was held.

934

The Realty had purchased a 1980 Cadillac Coupe De Ville to be offered as the major prize. The prize contest consisted of a raffle in which eligible contestants were required to complete entry blanks obtained from participating stores in the Plaza. The completed entry blanks were deposited in a central depository. No purchase was necessary for entry and participation in the contest.

The contest rules were posted within the common areas of the Plaza and also were advertised in the Lerner Times community newspaper. The rules poster indicated that Plaza employees and their "immediate families" were not eligible to enter the contest. The advertisement in the Lerner Times indicated that Plaza employees and their "families" were not eligible to participate in the contest.

During the raffle drawing, one of a number of completed contest ballots submitted by defendant was drawn as the winner of the automobile. Prior to receiving the grand prize, defendant was required to sign an affidavit stating he was not "an employee of/or related to Harlem-Iving Plaza Realty Inc. [sic] * * * or any tenant in the Harlem-Irving Shopping Center * * * or employees of any such tenant. * * *." Defendant signed the affidavit and received the Cadillac car.

Shortly thereafter, plaintiffs discovered that defendant was the father of an employee of a business tenant in the Plaza and the grandfather of a part-time employee of another Plaza business tenant. Defendant did not reside within the household of either of his relatives, the employees of the Plaza business tenants. Plaintiffs sought the return of the automobile, contending the defendant was not eligible to participate in the contest. Thereafter, plaintiffs filed their complaint seeking a temporary restraining order and a preliminary injunction against defendant's use of the automobile, and also seeking recovery of the prize, and $10,000 in punitive damages.

The trial court subsequently issued an order temporarily restraining defendant from "using or jeopardizing the value" of the Cadillac automobile. The order was conditioned upon plaintiffs' posting a $12,857 bond. The order also set a date for a hearing on plaintiffs' motion for a preliminary injunction and provided that the order and plaintiffs' complaint be "immediately" served upon the defendant. At the subsequent hearing, the parties agreed to a continuation of the temporary restraining order, and defendant agreed to return the automobile without prejudice to the rights of any of the parties.

Shortly thereafter, defendant filed his answer to the complaint, denying that he was a member of the "immediate family" of a person who was employed by the Plaza at the time of the drawing and asserting that he was eligible to enter the contest and be selected as the winner of the

Cadillac automobile. The answer made no reference as to defendant being a member of the "family" of an employee of the Plaza. Plaintiffs then moved for summary judgment, contending that, as a matter of law, plaintiffs were entitled to recovery of the automobile because the unambiguous contest rules rendered defendant ineligible to participate in the contest. The trial court granted the motion. This appeal followed.

The parties agree that summary judgment shall be rendered only if the pleadings, depositions, admissions, and affidavits on file show that no genuine issue of material fact exists. If that is so, the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1979, ch. 110, par. 57(3); *Hedrick v. Goodwin Brothers, Inc.* (1975), 26 Ill. App. 3d 327, 325 N.E.2d 73.) Further, summary judgment is properly granted when the record presents purely questions of law. *Baird & Warner, Inc. v. Stuparits* (1977), 53 Ill. App. 3d 338, 368 N.E.2d 748.

Defendant asserts that summary judgment in favor of the plaintiffs was improperly entered since a question of material fact has been raised. Defendant contends that the contest rules as set forth in the Plaza posters and in the Lerner newspaper advertisements are ambiguous in that the posters preclude Plaza employees and their "immediate families" from contest participation, and the advertisements preclude Plaza employees and their "families" from contest participation. Defendant claims that a material issue of fact is raised in that an evidentiary hearing is required to determine if the intent of the contest sponsors was to exclude participants in the class of Plaza employees and their "immediate families" or Plaza employees and their "families" or both. Defendant alleges that proof will disclose that the bar was to extend only to Plaza employees and their "immediate families" and that he is not a member of a Plaza employee's "immediate family" since he does not reside with either his daughter or his grandson—thus, defendant contends he would be eligible for contest participation. We disagree with defendant's assertions to the effect that an issue of material fact exists.

The law of contracts governs the relationship between the sponsor of a prize contest and an entrant in the contest. The promoter of such a contest, by making public the conditions and rules of the contest, makes an offer to a possible participant and if a contestant performs all of the requirements of the offer, in accordance with the published rules, a legally binding contract results. *Grove v. Charbonneau Buick-Pontiac, Inc.* (N.D. 1976), 240 N.W.2d 853.

The requirements of the offer in the instant case were published in the posters displayed within the Plaza's common areas and the advertisements contained in the Lerner community newspapers. These documents, the posters and the advertisements, were part of one transaction and

therefore must be interpreted together to give effect to the intention of the parties as to the binding rules for contest participation.[1] See *Steven v. Falese Land Co.* (1977), 50 Ill. App. 3d 231, 365 N.E.2d 967; *cf. Martindell v. Lake Shore National Bank* (1958), 15 Ill. 2d 272, 154 N.E.2d 683.

■■ Where the words contained in a written contract are not ambiguous or uncertain, their meaning must be determined from the actual words or language used. (*Harris v. American General Finance Corp.* (1977), 54 Ill. App. 3d 835, 368 N.E.2d 1099.) If the words used in the written contract are ambiguous or obscure in their terms so that the contractual intentions of the parties cannot be understood from a mere inspection of the instrument, extrinsic evidence may be introduced to explain the actual meaning of the language used. (*Greene v. Gust* (1960), 26 Ill. App. 2d 2, 167 N.E.2d 438.) However, language is not rendered ambiguous simply because the parties do not agree upon its meaning. *Harris v. American General Finance Corp.* (1977), 54 Ill. App. 3d 835, 368 N.E.2d 1099.

■■ In other jurisdictions, courts have broadly construed terms restricting contest eligibility to effectuate the purpose of the contest rules. (See, *e.g., Krueger v. Elder Manufacturing Co.* (Mo. App. 1953), 260 S.W.2d 349 (a manufacturer's contest which barred its employees from entry also barred part-time employees of a hospital operated by a department store which sold the manufacturer's garments); *Cashway Building Materials, Inc. v. McCurdy* (Tex. Civ. App. 1977), 553 S.W.2d 787 (store which prohibited its employees and its vendors from entry also included as vendor an employee of a security guard company hired by the store).) The *Krueger* court reasoned that the term "employee" in the contest rule involved therein, which prohibited employee entry in the contest, should be interpreted in a broad and nontechnical sense without the imposition of restrictions and limitations which would defeat the purpose of contest rules. So too, in this case, the parties agree that the contest rules must be interpreted in light of the apparent purpose of the rules—to encourage the public's participation in the contest by lessening any suspicion of fraud or collusion in the conduct of the drawing, thereby bolstering the public's confidence in the contest.

■■ Accordingly, in our view, we do not find an adequate legal basis to declare that the use of the words Plaza employees and their "families" set forth in the newspaper advertisements and the use of the words Plaza

---

[1] Plaintiffs maintain that the affidavit, executed after the contest drawing and the selection of defendant's name, is also a part of the contract. We disagree. The affidavit, which contained additional restrictions not set forth in the posters or the newspaper advertisements, are attempted modifications of the contract and unsupported by consideration. (See *Board of Education v. Barracks* (1924), 235 Ill. App. 35. Once defendant accepted plaintiffs' offer to enter the contest, plaintiffs had no legal right to change the rules. (*Bays v. U.S. Camera Publishing Corp.* (1969), 18 Mich. App. 385, 171 N.W.2d 232; *Mooney v. Daily News Co.* (1911), 116 Minn. 212, 133 N.W. 573.) The affidavit, therefore, is not part of the contract.

employees and their "immediate families" used in the Plaza posters create a degree of ambiguity requiring an evidentiary hearing as to the intent of the contest's sponsors. To foster credibility in the contest sponsors and in the contest itself, we believe that as a matter of law, under the contest rules, the admitted employment by a Plaza tenant of defendant's daughter and grandson is sufficient, because of the defendant's relationship to his kin, to bar defendant from contest participation.

It appears from the record that the parties contend that the central issue in this case is to determine if defendant is a member of the "immediate family" of a Plaza employee and if he is, he should be excluded from participation in the contest, and if otherwise, his participation should be allowed. Defendant argues that since he does not reside with his daughter or grandson, who admittedly are Plaza employees, he is not a member of their "immediate family" and thus he has a right to participate in the contest. We disagree with the defendant's contention.

Defendant in support of his position has cited numerous Illinois decisions, in contexts other than interpretation of contest rules, which have construed the term family or immediate family to mean those persons living in one household. Since the cases cited by defendant do not involve interpretation of contest rules and the consideration of the purpose of such rules, we find the cases not controlling. The cases defendant relies upon involve interpretation of particular statutes or agreements which relevantly and necessarily construed the term "family" or "immediate family" to include persons living in one household. (See, *e.g., Liberty National Bank v. Zimmerman* (1947), 333 Ill. App. 94, 77 N.E.2d 49 (construed term "family" in lease to include lessee's resident married daughter, child, and husband so that occupancy of the dwelling by "family" of lessee did not violate lease; court noted great shortage of homes in area); *Anchor Finance Corp. v. Miller* (1956), 8 Ill. App. 2d 326, 132 N.E.2d 81 (construed "family" within purposes of substantial service provision of civil practice act so that defendant's sister, who lived in an adjoining apartment in the same building, was a "family" member); see also *Norwegian Old People's Home Society v. Wilson* (1898), 176 Ill. 94, 52 N.E. 41 (court noted general scope and object of benefit association's charter had to be considered and held married daughter was member of deceased policeman's "immediate family" so as to entitle her to share in the benefits from the benevolent fund).) As noted, in each of these cases, the term "family" or "immediate family" was interpreted in light of the purpose of the statute or agreement involved. If anything, we believe these cases support the position expressed by plaintiffs that the language utilized in the contest rules must be interpreted in light of the purpose of the contest rules—to bolster the public's confidence in the contest.

■■ To support his contention that he is not an immediate family member of his grandson's or daughter's family, defendant relies on *Bryant v.*

*Deseret News Publishing Co.* (1951), 120 Utah 241, 233 P.2d 355. There the Utah supreme court narrowly construed a contest rule excluding participation of employees and their "immediate families" so that an employee's father was held eligible to win. The *Bryant* court viewed a "family" as based on two factors: relationship and the fact of living together in one household. The court reasoned that while a child may be considered a member of his parents family even though he is living apart from his parents, a parent is not considered a member of his son's family. The court construed the term "immediate" as having a restrictive effect upon the word "family" and as being synonymous with the words "closest or nearest." (120 Utah 241, 245, 233 P.2d 355, 357.) The court then concluded that the father, living apart from his son, was not a member of the "immediate family" of his son and therefore was eligible to enter the contest.

However, in our view, the *Bryant* court failed to correctly examine the exclusionary term "immediate family" used in the contest rule in light of the manifest purpose for such exclusionary rules. We believe the better approach is to examine and liberally construe the term "immediate family" in the context of effectuating the purpose of the contest rules. Applying this principle to the contest rules before us, it is our opinion that, as a matter of law, plaintiffs clearly intended to exclude from the contest defendant and members of his class. The trial court properly entered summary judgment in favor of plaintiffs.

■■ Defendant next contends that the trial court erroneously granted the temporary restraining order without notice to defendant. Defendant also asserts that injunctive relief was improperly granted—since plaintiffs had an adequate legal remedy of replevin. Defendant did not raise these arguments in the trial court and, therefore, these arguments cannot now be raised for the first time on appeal. (*Lammert v. Lammert Industries, Inc.* (1978), 65 Ill. App. 3d 165, 382 N.E.2d 391.) Defendant failed to properly preserve these issues for review.

For the reasons noted, we conclude that the trial court correctly granted plaintiffs' motion for summary judgment and plaintiffs are entitled to recovery of the Cadillac automobile as a matter of law. The judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and JIGANTI, JJ., concur.