BANK OF HICKORY HILLS, Plaintiff-Appellant, *v.* WILLIAM E. HAM-MANN, Defendant.—(HAWTHORNE BANK OF WHEATON, Appellee.)

First District (4th Division)   No. 81—2180

Opinion filed August 26, 1982.

Goldgehn, Leonardo, Goldgehn & Isaacson, of Chicago (Mitchell S. Goldgehn, James A. Smith, and Nathan H. Lichtenstein, of counsel), for appellant.

Donovan and Roberts, P. C., of Wheaton (Keith F. Roberts, Oliver W. Jervis, and Kristine A. Karlin, of counsel), for appellee.

JUSTICE ROMITI delivered the opinion of the court:

Plaintiff, Bank of Hickory Hills (Hickory Hills) having obtained judgment against its debtor, Hammann, served the Hawthorne Bank

of Wheaton (Hawthorne) with a citation to discover assets. Five months later Hawthorne, which had not previously entered an appearance, filed a motion to quash the citation alleging improper venue. The trial court granted this motion and later denied Hickory Hills' petition for rehearing after hearing arguments of counsel. We reverse, holding that Hawthorne by its conduct, including its failure to move for change of venue, waived any improper venue.

On July 1, 1980, Hickory Hills filed for confession of judgment against Hammann in the circuit court of Cook County; there is no dispute that the venue was proper. Judgment was entered and later confirmed. Thereafter, on August 8, 1980, Hickory Hills served Hawthorne with a citation to discover assets pursuant to Supreme Court Rule 277 (73 Ill. 2d R. 277). The citation was returnable on August 18, 1980, in Worth, Illinois, a town in Cook County. The citation contained the standard provision prohibiting Hawthorne from transferring or disposing of any of Hammann's assets.

Hawthorne did not appear on August 18. Rather on August 12, 1980, in compliance with a telephone conversation of the same date it sent photocopies of its entire file in regard to Hammann. It concluded the accompanying letter by stating, "it is our understanding that by furnishing this information directly to your office, we are now excused from appearing in Worth, Illinois on August 18th, 1980." Thereupon Hickory Hills obtained a continuance of the matter until September 22, 1980. A later continuance until October 6, 1980, was obtained by Hickory Hills at the request of Hawthorne.[1] On or about September 22, 1981, Hammann filed a petition in bankruptcy in Federal District Court and a stay was issued. That case was dismissed on or about December 8, 1980. Sometime at the end of January 1981 (no date of filing is shown in the record) Hawthorne filed a special and limited appearance and also a motion to dismiss because of improper

---

[1]Much of this information is obtained from Hickory Hills' verified petition for rehearing. Hawthorne moved to strike many of these allegations on the grounds they were not relevant. The motion was denied and Hawthorne has not appealed from this ruling or contended on appeal that it was in error; Hawthorne did contend in its brief that this court should not consider the allegations on the theory they are not properly part of the record as Supreme Court Rule 191 (73 Ill. 2d R. 191), requires an affidavit made on the personal knowledge of the affiant. However since the allegations which did set forth with particularity the particular facts alleged pertained to statements made either to plaintiff's counsel or in her presence, plaintiff's counsel did have the personal knowledge necessary to swear such statements had been made. Hawthorne did not file any verified pleadings denying these verified allegations in the petition. Accordingly they stand admitted (Ill. Rev. Stat. 1981, ch. 110, par. 40(2)), and this court will so treat them.

venue. Under Supreme Court Rule 277 (73 Ill. 2d R. 277), a Rule 277 petition against a third party must be filed in the county of that party's residence. Hawthorne's motion was heard and granted on February 2, 1981. At that time its attorney admitted that during the pendency of the citation proceedings, Hawthorne had caused to be conveyed property or assets belonging to Hammann in violation of the injunction provisions of the citation to discover assets.

As already noted, Hickory Hills filed a petition for rehearing. In this petition it contended that the venue was proper; that if it was not, Hawthorne had waived the improper venue; and if it had not, the sole and exclusive remedy would be a transfer of the citation proceeding to a court of proper venue; and asked that, if venue was improper, the case be so transferred. At the hearing on the petition Hawthorne argued that the case could not and should not be transferred. The trial judge accepted the argument and denied the petition for rehearing.

I

Hickory Hills contends that Hawthorne cannot raise the question of improper venue because the motion was untimely under section 8(2), of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 8(2)), because Hawthorne by its conduct prior to January 1981 waived any objection and because Hawthorne failed to seek a transfer of venue thus waiving any objection.

Section 8 of the Civil Practice Act provides in part that:

"Sec. 8. Wrong venue—Waiver—Motion to transfer. (1) No order or judgment is void because rendered in the wrong venue, except in case of judgment by confession as provided in paragraph (4) of Section 50 of this Act. No action shall abate or be dismissed because commenced in the wrong venue if there is a proper venue to which the cause may be transferred.

(2) All objections of improper venue are waived by a defendant unless a motion to transfer to a proper venue is made by him on or before the date upon which he is required to appear or within any further time that may be granted him to answer or move with respect to the complaint, except that if a defendant upon whose residence venue depends is dismissed upon motion of plaintiff, a remaining defendant may promptly move for transfer as though the dismissed defendant had not been a party." (Ill. Rev. Stat. 1981, ch. 110, pars. 8(1), 8(2).)

While Hawthorne did not file its motion to dismiss on August 18, it did, in light of the various continuances granted, file its motion within

"any further time that may be granted him to answer or move with respect to the complaint." Thus Hawthorne's motion was timely under section 8(2) of the Act.

However we are inclined to agree with Hickory Hills' contention that Hawthorne by its delay coupled with its other acts is barred from raising the issue of improper venue. Any questions of improper venue must be raised promptly. (*Wagner v. David* (1966), 35 Ill. 2d 494, 221 N.E.2d 248; *H. Watson Development Co. v. Bank & Trust Co.* (1978), 58 Ill. App. 3d 423, 374 N.E.2d 767.) Hawthorne not only did not do this but by its correspondence led Hickory Hills to believe that Hawthorne raised no objection to the venue. Furthermore several of the continuances were obtained by Hickory Hills on Hawthorne's behalf at its request. Hawthorne was able to use this delay to dispose of the debtor's property. We do not agree with Hickory Hills' contention that Hawthorne's conduct in requesting the continuances and sending the information requested in the citation constituted such a participation in a legal process as to waive any objections to venue. But we are inclined to believe that Hawthorne's conduct causing Hickory Hills to rely to its detriment on Hawthorne's apparent acquiescence to the venue bars Hawthorne from challenging that venue.

■ However we need not decide that issue since in any event Hawthorne waived its objection to the allegedly improper venue when it failed to file a motion to transfer to a proper venue on or before the date it was required to answer. Section 8 of the Civil Practice Act clearly provides that where there is a proper venue and there is no question that here Du Page County would be a proper venue, the issue of improper venue can only be raised by a motion for transfer and cannot be raised by a motion to dismiss.

II

Hawthorne contends that since Supreme Court Rule 277 (73 Ill. 2d R. 277) sets forth the procedure for supplementary proceedings section 8 of the Civil Practice Act is inapplicable. It further contends that since Supreme Court Rule 277 provides that the petition "must" be filed in the county of the third party, the requirement was jurisdictional and the trial court had no power to transfer the case to Du Page County.

■ Section 1 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 1), provides in part: "The provisions of this Act apply to all civil proceedings except *** proceedings in which the procedure is regulated by separate statutes. In all those proceedings the separate statutes control to the extent to which they regulate procedure, but

this Act applies as to matters of procedure not so regulated by separate statutes." The supplementary proceedings involved here are in general regulated by a separate statute, in this case a Supreme Court Rule, Rule 277, and to the extent Rule 277 governs procedure, it, following section 1 of the Act, controls. Thus the provision of the rule requiring that the proceeding must be commenced in the county of the third party's residence is controlling over the general venue statutes of the Civil Practice Act. (Compare *County of Fulton v. Prairie Plan Project* (1979), 80 Ill. App. 3d 441, 399 N.E.2d 982.) But since Supreme Court Rule 277 contains no provisions as to the method for challenging venue, the time within which such a challenge must be brought, the remedy available if venue is improper or the effect of a failure to timely or properly challenge an improper venue, those provisions of the Civil Practice Act still control according to the clear and express language of section 1 of the Act. Thus Hawthorne pursuant to section 8 of the Civil Practice Act could only challenge venue by filing a motion to transfer since there was a proper venue to which the cause could have been transferred. Having failed to do so, it, according to the express language of section 8, waived any impropriety of the venue.

■ Hawthorne contends that because venue was improper in Cook County, the Cook County court had no jurisdiction over it and could therefore not transfer venue to Du Page County but could only dismiss the action. Even if the trial court otherwise lacked jurisdiction, it would still have the power to transfer the cause to the proper venue. (*Herb v. Pitcairn* (1945), 392 Ill. 138, 64 N.E.2d 519; *Chrastka v. Chrastka* (1971), 2 Ill. App. 3d 722, 277 N.E.2d 729, *appeal denied* (1971), 49 Ill. 2d 577.) But except in certain unique types of cases not involved here, the question of venue is not jurisdictional. As stated by the Illinois Supreme Court in *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 328, 368 N.E.2d 88, 91:

> "Jurisdiction and venue are distinct legal concepts. Jurisdiction relates to the power of a court to decide the merits of a case, while venue determines where the case is to be heard. Statutory venue requirements are procedural only and do not have any relation to the question of jurisdiction. (*United Biscuit Co. of America v. Voss Truck Lines, Inc.* (1950), 407 Ill. 488.) The Illinois venue statute is designed to insure that the action will be brought either in a location convenient to the defendant, by providing for venue in the county of residence, or convenient to potential witnesses, by allowing for venue where the cause of action arose."

And section 8(1) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 8(1)) expressly provides that "No order or judgment is void because rendered in the wrong venue."

Hawthorne relies on the case of *Lammert v. Lammert Industries, Inc.* (1978), 65 Ill. App. 3d 165, 382 N.E.2d 391, *appeal denied* (1979), 72 Ill. 2d 582, where the appellate court affirmed a dismissal of a supplementary proceeding for improper venue. However it appears from the opinion in that case that the only issues argued on appeal were whether the venue was proper and whether defendant waived venue by appearing with counsel. The court did not address the issue of the applicability of section 8 of the Civil Practice Act.

## III

In light of this court's holding that Hawthorne waived the improper venue, if in fact it was improper, we need not decide whether in fact Cook County was a proper venue as Hickory Hills contends. We note however that the evidence in the record, while indicating that Hawthorne, contrary to the statements in its affidavit, does in fact do some business in Cook County, is insufficient for a determination whether Hawthorne is conducting the usual and customary business in Cook County as well as Du Page County. *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 368 N.E.2d 88; *Stambaugh v. International Harvester Co.* (1982), 106 Ill. App. 3d 1, 435 N.E.2d 729.

In light of the foregoing, the judgment of the trial court is reversed and the case remanded for further proceedings in Cook County.

Reversed and remanded.

JOHNSON, P. J., and JIGANTI, J., concur.