SHORES, Justice.
The plaintiff, Steven Sweeney, appeals from a summary judgment for the defendants, WSYA (Sunny 103) Radio Station (hereinafter “WSYA”) and Jim Jacobs, on claims alleging breach of contract, fraud, and outrageous conduct. We affirm.
The trial court entered an order succinctly setting out the facts, which are undisputed, and resolved the single legal issue correctly. We adopt the trial court’s order as the opinion of this Court.
“This matter is before the Court on Defendants’ Motion for Summary Judgment and Plaintiff’s response thereto. Having considered the same, it is the opinion of this court that said motion is due to be GRANTED.
“This action arose out of a ‘Jackpot Sweepstakes’ contest sponsored by WSYA/Sunny 103, a local [Montgomery] radio station. The plaintiff, Steve Sweeney, claiming that he was the winner of a $10,000.00 prize, filed this action against WSYA/Sunny 103 and its general manager, Jim Jacobs. Defendants contend that Sweeney was not eligible to win the prize because he was an ‘employee’ of the station under the contest rules.
“In his complaint, plaintiff contends that defendants breached a contract with him by refusing to award him the $10,000.00 prize (Count I); that he was defrauded by defendants (Count III); and that defendants engaged in outrageous conduct in denying him the prize (Count IV). Count II, alleging bad faith, previously was dis *770 missed by this court upon motion of defendants.
“It is undisputed that the rules of the contest precluded all employees of WSYA/Sunny 103 and their families from winning the $10,000.00 prize. The rules state in pertinent part as follows:
“ ‘Game is open to all persons over 18 years of age except employees and their families of WSYA/Sunny 103 Radio, Colonial Bank, Larry Puckett Chevrolet, and their advertising agencies.... All contest tickets and eligibility are subject to verification before prizes are awarded.'
“Sweeney acknowledged receiving all contest materials, including the rules and regulations, and testified in his deposition: ‘The rules and regulations are simple. All employees and their families are not eligible.’ (Sweeney dep. 87-88.) Sweeney also agreed that a contestant would not automatically win the contest just by having the winning number and that contestants also had to conform to the official rules, regulations and information contained in the contest materials. (Sweeney dep. 117.)
“In June 1988, Sweeney met defendant Jim Jacobs for the first time at an event sponsored by WSYA/Sunny 103. (Sweeney dep. 12-14.) Sweeney had taken some photos at the event and later presented them to Jacobs. (Sweeney dep. 12.) At that time, they agreed that Sweeney would take photos of any event that WSYA/Sun-ny 103 would like, in exchange for free film and processing. (Sweeney dep. 12.) In addition to receiving free film and processing, Sweeney was able to enter a number of the events by either using a free pass obtained through WSYA/Sunny 103 or by representing to someone at the entrance of the event that he was taking photos for WSYA/Sunny 103. (Sweeney dep. 22-25, 29.)
“Sweeney testified that he attended and took photos at numerous events from September 1988 through May 19, 1989. During this time, he also accompanied the station’s sales representative to various elementary schools in the WSYA/Sunny 103 van to distribute free passes to a show. (Sweeney dep. 75.)
“The parties in this action agree that no Alabama law on point exists. Although no Alabama law was submitted to the Court that construed the term ‘employee’ in the context of a contest situation, several cases from other jurisdictions have interpreted ‘employee’ or similar terms contained in contest rules.
“Kruger [Krueger] v. Elder Manufacturing Co., 260 S.W.2d 349 (Mo.App.1953), concerned whether a contestant in a jingle contest sponsored by a garment manufacturer was an employee within a contest rule rendering ineligible the employees of retailers of the manufacturer’s garments. The contestant had worked non-consecutive days as a part-time employee of a hospital operated by a department that sold the manufacturer’s garments. The hospital formerly had been operated separately from the department store, and the contestant was not aware of the change of management. The appellate court held that the following must be considered at the trial level: ‘the purpose of the rule, the object sought to be accomplished by it, and the context in which the term was used.’ The court went on to say that ‘the rule was designed to increase public confidence and encourage wide participation in the contest by removing any possible suspicion of fraud or collusion on the part of those conducting the contest. Considered in this background, it is apparent that the word “employees” should be interpreted in a broad and untechnical sense without imposing restrictions and limitations which would emasculate the rule and defeat its purpose.’
“Similarly, the court in Harlem-Irving Realty, Inc. v. Alesi, 99 Ill.App.3d 932 [55 Ill.Dec. 181], 425 N.E.2d 1354 (1981), held that the rules of a promotional contest at a shopping center precluding employees and their ‘immediate families’ from contest eligibility excluded a contestant whose daughter and grandson were employees of the shopping center even though the contestant did not live with them. In ruling that the trial court properly granted the contest *771 promoter’s motion for summary judgment, the appellate court stated as follows:
“ ‘In other jurisdictions, courts have broadly construed terms restricting contest eligibility to effectuate the purpose of the contest rule.... So too, in this case, the parties agree that the contest rules must be interpreted in light of the apparent purpose of the rules — to encourage the public’s participation in the contest by lessening any suspicion of fraud or collusion in the conduct of the drawing, thereby bolstering the public’s confidence in the contest.’ Id. [99 Ill.App.3d at 936, 55 Ill.Dec. at 184-85, 425 N.E.2d] at 1357-58.”
“The court in Cashway Building Materials, Inc. v. McCurdy, 553 S.W.2d 787 (Tex.Civ.App.1977), followed the same line of reasoning in interpreting the term ‘vendor’ in the rules of a store contest that excluded employees and vendors of the sponsor. The plaintiff was employed as a security guard in the store when his name was drawn as the winner of the prize. As in the present case, the plaintiff was refused the prize, which was awarded to another individual after a second drawing. Plaintiff contended that because he did not sell goods to the defendant, he was not a vendor under the contest rules. Since the reasons for the rule were to prevent persons from having an unfair advantage and to promote good will and good public relations, the court found it necessary to construe the term ‘vendor’ in a broad sense to include the provider of a security service in addition to vendors who provided goods to the store.
“Applying the principles of the above eases to the present situation, it is clear that the term ‘employee’ in the contest rules of WSYA/Sunny 103 should be construed broadly to include the plaintiff in order to increase public confidence in the contest and remove any suspicion of fraud on the part of WSYA/Sunny 103. The services provided by the plaintiff and the regular, close contact that the plaintiff had with WSYA/Sunny 103 employees carried with them the possibility of unfair advantage and collusion and therefore plaintiff was properly disqualified by defendants under the contest rules.
“Plaintiff contends that he was not an employee of the radio station because he did not receive a wage or salary from WSYA/Sunny 103 for his photography work. It has long been the law in Alabama, however, that compensation to an individual is not a requisite of an employer/ employee relationship. See Reed v. Ridout’s Ambulance, Inc., 212 Ala. 428, 102 So. 906 (1925), for the proposition that the payment of compensation is an incident of the relation merely, and not one of its essentials.
“Based on the foregoing, Defendant is entitled to a ... judgment as a matter of law. It is therefore,
“ORDERED, ADJUDGED and DECREED that Defendants’ Motion for Summary Judgment be and the same is hereby GRANTED.
“DONE this the 30th day of April, 1990.
“s/ JOSEPH D. PHELPS, Circuit Judge”
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.