FIRST TEXAS SAVINGS
ASSOCIATION,
Appellant,

v.

Yvonne JERGINS, Appellee.

No. 2–85–168–CV.

Court of Appeals of Texas,
Fort Worth

March 12, 1986.

Akin, Gump, Strauss, Hauer & Feld and Susan B. Greenberg, Dallas, for appellant.

Barlow & Garsek and Dwayne Hoover, Fort Worth, Michael Jergins, Bedford, for appellee.

Before FENDER, C.J., and ASHWORTH and HOPKINS, JJ.

## OPINION

HOPKINS, Justice.

First Texas Savings Association (hereinafter First) appeals from a summary judgment in favor of plaintiff below, Yvonne Jergins (hereinafter Jergins), for damages in a breach of contract case.

The judgment is affirmed.

The undisputed evidence shows that First conducted a contest designated as "$5,000 Scoreboard Challenge". The contest provided that contestants were to complete an entry form and deposit same with First. A random drawing of the entry forms would provide a winner with an $80 savings account with First, plus four tickets to a Dallas Mavericks home basketball game chosen by First. Another provision of the contest was that if the Mavericks held their opponent in the chosen game to 89 or fewer points, the recipient of the tickets would be awarded an additional $5,000 money market certificate. Drawings were conducted monthly from October 1982 through March 1983.

On or about October 13, 1982, Jergins completed and deposited her entry form with First. On or about November 1, 1982, First attempted to amend the contest provisions by posting a notice at its branches specifying that to win the $5,000 it would be necessary for the Mavericks to hold their opponent to 85 or fewer points. Shortly prior to December 29, 1982, Jergins' entry form was drawn and she was notified she had won the $80 savings account and four tickets to the Mavericks' January 22, 1983 game against the Utah Jazz. The notice advised Jergins that if the Jazz scored 85 or fewer points, First would award her the $5,000 money market certificate. Jergins claimed her prize and used the tickets to attend the game. The Jazz scored 88 points. Jergins requested the $5,000 and First refused, stating the Jazz had scored more than 85 points in the game. Jergins filed suit and both parties filed motions for summary judgment. The trial court denied First's motion and granted summary judgment for Jergins.

Both parties agree the matter of whether there was a contract and, if so, the terms constituting the contract are proper subjects for a summary judgment. In First's two points of error, it is alleged (1) there was no enforceable contract supporting the recovery granted, and (2) Jergins accepted the modified terms of First's contest by not objecting to the modification and by accepting the $80 savings account and four tickets. We agree with First's assertion in its first point of error that the issue before this Court is to determine at what point in time the contract was formulated. If an offer is made, a contract is formulated when the offer is unconditionally accepted. *Fail v. Lee*, 535 S.W.2d 203, 208 (Tex.App.—Fort Worth 1976, no writ). In order to be entitled to the rewards of the offer, it is necessary that the party accepting same perform any and all obligations or requirements contained in the offer. In the instant case, the only obligation or requirement of performance placed on Jergins was to complete and deposit the entry form provided by First. From that point forward the requirements of performance rested solely with First. Essentially the contract terms were (1) if Jergins would complete the entry and deposit same with First, (2) First would include the entry with others for a random drawing. First also contracted to conduct monthly drawings. The winner was to receive (a) $80 savings account, (b) four game tickets and (c) a chance to win $5,000 if the Mavericks' op-

ponent scored 89 or fewer points. The contract was formulated at the time Jergins completed and deposited the entry form. There was nothing further required of Jergins and she had no control over the outcome of the contest. She had completed her part of the contract. When First drew her entry form, she was entitled to the $80, four tickets and to have a game assigned to her in which she had a chance to win $5,000. First partially completed its obligations under the contract. It (1) placed Jergins entry with others for a random drawing, (2) conducted the promised drawing, (3) awarded the winner of the drawing $80 plus four tickets, and (4) assigned a Mavericks' home game. The only portion of the contract that went unperformed was the obligation to award $5,000 in the event the opponent scored 89 or fewer points. First's first point of error is overruled.

■ The second point of error alleging acceptance of a modification of the contract is without merit. First seems to contend that upon receipt of the notification by Jergins that she had won $80 and four tickets that she should have refused same and protested that First was attempting to change the contract agreement by reducing the point total from 89 to 85. We disagree.

In its brief, First correctly argues, "[a] party asserting modification 'must prove that his proposed modification was made known to the plaintiff and that the plaintiff *accepted* the terms of his proposed modification.... [I]n order to prove a new contract ... it [is] necessary to show that notice thereof was given directly or indirectly, *and that plaintiff accepted.'"* *Stowers v. Harper,* 376 S.W.2d 34, 39 (Tex. Civ.App.—Tyler 1964, writ ref'd n.r.e.) (emphasis added). First is mistaken, however, when it asserts that by accepting the $80 and four tickets after being notified of the change in point total constituted an acceptance of the attempted contract modification. Jergins accepted what she was entitled to receive under the contract and patiently waited to see if she would be entitled to any further award. She in no way

indicated an acceptance of the attempted modification of the contract. She was entitled to the $80 and four tickets when her name was drawn and First would have had no valid reason to refuse the award regardless of whether Jergins protested the attempted modification. The law requires an acceptance, not a protest. The facts of *Stowers* differ materially from the facts of the instant case, although it may be noted that the court in *Stowers* also held there had been no acceptance of the modification. First's reliance on *Hertz v. Montgomery Journal Pub. Co.,* 9 Ala.App. 178, 62 So. 564 (1913) is also misplaced. In *Hertz* the plaintiff continued a contest performance by securing newspaper subscriptions after receiving notice the contest rules had been changed. In the instant case there was no performance required or made by Jergins after the contest change was made by First. First's second point of error is overruled.

The judgment of the trial court is affirmed.