BELLOWS v DELAWARE McDONALD'S CORPORATION

Docket No. 145145. Submitted January 13, 1994, at Grand Rapids. Decided September 6, 1994, at 9:05 A.M.

Thelma Bellows brought an action in the Bay Circuit Court against Delaware McDonald's Corporation, National Broadcasting Company, Inc., Rymac, Inc., and Arthur Andersen & Company, alleging breach of contract and other theories of recovery arising out of the refusal to award her a $10 million prize as a holder of a winning game ticket in a promotional game. The plaintiff, although holding a winning ticket, was denied the prize on the basis of a contest rule that rendered ineligible "persons who are immediate family members of or who reside in the same household" as an employee of a McDonald's franchisee and the fact that the plaintiff's married daughter, who did not live with the plaintiff, was an employee of the McDonald's franchise, Rymac, Inc., at which the plaintiff obtained the winning ticket. The court, Eugene C. Penzien, J., dismissed all of the plaintiff's claims except the breach of contract claim against McDonald's and NBC. The plaintiff filed an amended complaint, alleging breach of contract and equitable estoppel. The court granted summary disposition for McDonald's and NBC, holding that the plaintiff was ineligible under the contest rules because she was a member of her daughter's immediate family within the meaning of the contest rules. The plaintiff appealed.

The Court of Appeals *held:*

1. The relationship between a sponsor of a prize contest and an entrant in a contest is governed by contract law. The rights of an entrant who has performed the act required by a sponsor's offer are limited by the terms of the offer, i.e., by the conditions and rules of the contest. Because the rules of this contest clearly made members of the immediate family of an employee of a McDonald's franchisee ineligible for a prize, the plaintiff would be ineligible if she is a member of the immedi-

REFERENCES

Am Jur 2d, Gambling, §§ 266, 267, 270.

Private contests and lotteries: entrants' rights and remedies. 64 ALR4th 1021.

ate family of her daughter within the meaning of the contest rules.

2. The construction suggested by the plaintiff, that "immediate family members" should be given the restrictive meaning of only those family members residing in the same household, is too restrictive, because it would render the remaining language of the contest rule concerning members of the same household surplusage. Accordingly, it is clear that the contest rule was intended to exclude persons such as the plaintiff.

3. Because there was no disputed issue of fact before the court, summary disposition on the basis of the interpretation of the language of the contest rules was not premature.

4. Because the doctrine of equitable estoppel does not give rise to a separate affirmative cause of action, the trial court properly granted summary disposition for the defendants with respect to plaintiff's equitable estoppel claim.

Affirmed.

CONTRACTS — PRIZE CONTESTS.

The relationship between a sponsor of a prize contest and an entrant in a contest is governed by contract law; the rights of an entrant who has performed the act required by a sponsor's offer are limited by the conditions and rules of the contest.

*Currie & Kendall, P.C.* (by *Thomas L. Ludington*), and *Smith & Brooker, P.C.* (by *A. T. Lippert, Jr.*), for the plaintiff.

*Sonnenschein Nath & Rosenthal* (by *Frederic S. Lane, Elpidio Villarreal,* and *Deborah M. Neyens*), and *Seward, Tally & Piggott, P.C.* (by *John M. Morosi* and *Kenneth K. Wright*), for the defendants.

Before: MURPHY, P.J., and GRIFFIN and S. J. LATREILLE,* JJ.

GRIFFIN, J. Plaintiff appeals as of right from an order of the circuit court granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) and (10) in this breach of contract action. We affirm.

* Circuit judge, sitting on the Court of Appeals by assignment.

I

On October 11, 1990, plaintiff received a number of "McMillion$" game tickets while visiting a McDonald's franchise restaurant owned by defendant Rymac, Inc. The lottery-style promotional game, "McMillion$ on NBC," promised millions of dollars in prize money to the holder of a winning game ticket. While watching television that night, plaintiff discovered that the number on one of her tickets matched the winning prize number. After calling a telephone number printed on the ticket, plaintiff was told to report to the Detroit advertising office of defendant Arthur Andersen & Company to verify that she had won the $10 million prize.

The following morning, plaintiff, her husband, and one of her daughters met with an employee of Andersen, who confirmed that plaintiff possessed the winning ticket. Shortly thereafter, a representative of McDonald's arrived and congratulated plaintiff on winning the prize. Plaintiff spent the remainder of the day engaging in promotional activities that included television appearances and radio interviews. Later that evening, plaintiff was informed that she was "disqualified" from winning the contest because her daughter, Charlene Saunders, worked at the McDonald's franchise where plaintiff obtained the winning ticket. Under the contest rules, "persons who are immediate family members of or who reside in the same household" as an employee of a McDonald's franchisee were ineligible to participate in the contest. Saunders was married and resided approximately thirty miles from her mother.

On October 30, 1990, plaintiff brought the instant action, alleging breach of contract, intentional infliction of emotional distress, defamation,

portrayal in a false public light, and violation of the Michigan Consumer Protection Act. Following defendants' motion for summary disposition, the trial court dismissed all of plaintiff's claims except for her breach of contract count against defendants Delaware McDonald's Corporation and National Broadcasting Company, Inc. Thereafter, plaintiff amended her complaint to allege estoppel and breach of contract against both remaining defendants. Following defendants' motion for summary disposition under both MCR 2.116(C)(8) and (10), the trial court dismissed the amended complaint. The trial court ruled that plaintiff was ineligible to participate in the contest under the contest rules because she was a member of her daughter's "immediate family." Plaintiff now appeals as of right.

II

Although the parties agree that there is no prior Michigan case on point, other jurisdictions have recognized that contract law governs the relationship between the sponsor of a prize contest and an entrant in the contest. See, e.g., *Johnson v BP Oil Co,* 602 So 2d 885, 888 (Ala, 1992); *First Texas Savings Ass'n v Jergins,* 705 SW2d 390 (Tex App, 1986); *Chenard v Marcel Motors,* 387 A2d 596 (Me, 1978). In order to establish the formation of an enforceable contract, an entrant must show (1) the offer of a prize by the sponsor for the performance of a specified act, (2) competition in the contest, and (3) the performance of the specified act required for winning the contest. *Nat'l Amateur Bowlers, Inc v Tassos,* 715 F Supp 323, 325 (D Kansas, 1989); *Las Vegas Hacienda, Inc v Gibson,* 77 Nev 25, 27; 359 P2d 85 (1961).

However, the rights of an entrant who has

performed the act required in the sponsor's offer are limited "by the terms of the offer, i.e., by the conditions and rules in the contest." *Nat'l Amateur Bowlers, Inc, supra* at 325. Here, rule 8 of the contest rules provided that "persons in any of the following categories are not eligible to participate or win prizes: . . . (c) persons who are immediate family of or who reside in the same household as any person in the preceding categories." The categories listed included employees of McDonald's Corporation, its subsidiaries, franchisees, or affiliates, or employees, or agents, or independent contractors of any of the listed McDonald's organizations

Relying on *Bryant v Deseret News Publishing Co,* 120 Utah 241; 233 P2d 355 (1951), plaintiff asserts that she was eligible to participate in the contest under the contest rules because she is not a member of her daughter's "immediate family." In *Bryant,* the plaintiff sued the defendant sponsor to invalidate a prize won by a contestant who was the father of one of the sponsor's employees. *Id.* at 242. The son was twenty-one years old and resided with his wife and children in their own home. *Id.* The contest rules precluded "employees of the Deseret News and their immediate families." *Id.* In upholding the award of the contest prize, the Utah Supreme Court construed the word "immediate" as having a restrictive effect upon the word "family," thus limiting this class to only those family members residing in the son's household. *Id.* at 244-245.

More recently, the Illinois Court of Appeals, in *Harlem-Irving Realty, Inc v Alesi,* 99 Ill App 3d 932; 425 NE2d 1354 (1981), expressly rejected the rationale in *Bryant.* In *Harlem-Irving Realty,* the winner of a promotional contest run by a group of business tenants was sued after it was learned

that he was the father and grandfather of two employees of the tenants. *Id.* at 933-934. The rules precluded employees and their "immediate families" from contest participation. *Id.* at 934. However, the defendant did not reside in the same household as either relative. *Id.* at 934. In upholding the grant of the plaintiff's motion for summary judgment, the panel in *Harlem-Irving Realty* criticized the narrow construction of the term "immediate family" advanced in *Bryant.* Instead, the Illinois Court of Appeals concluded that it should be liberally construed to "effectuat[e] the purpose of the contest rules." *Id.* at 938. Under this construction, the panel concluded that the plaintiffs clearly intended to exclude the defendant and members of his class. *Id.* We agree with *Harlem-Irving Realty* and adopt its analysis.

III

In the present case, rule 8(c) excludes from eligibility those who are immediate family members of *or* who reside in the same household as any employee of a McDonald's franchisee. In light of the additional exclusionary class included in the contest rules, the narrow construction of the term "immediate family" advanced by plaintiff would render the term surplusage.

Furthermore, we construe the term "immediate family" in light of the apparent purpose of the contest rules. Rule 8(c) and other exclusionary rules are designed to encourage public participation in the contest by creating an appearance of fair play and impartiality, while at the same time bolstering public confidence. Applying this principle, we conclude that defendants intended to exclude members of plaintiff's class.

We also reject plaintiff's claim that summary disposition was premature because discovery was incomplete. This Court has held that a grant of summary disposition is premature if granted before discovery on a disputed issue is complete. *Mackey v Dep't of Corrections,* 205 Mich App 330, 333; 517 NW2d 303 (1994). However, a disputed issue must be before the court. *Pauley v Hall,* 124 Mich App 255, 263; 335 NW2d 197 (1983). If a party opposes a motion for summary disposition on the ground that discovery is incomplete, the party must at least assert that a dispute does indeed exist and support that allegation by some independent evidence. *Michigan Nat'l Bank v Metro Institutional Food Service, Inc,* 198 Mich App 236, 241; 497 NW2d 225 (1993); *Pauley, supra.* Here, plaintiff failed to do so.

Finally, we agree that the trial court did not err in granting summary disposition with respect to plaintiff's equitable estoppel claim. The doctrine of equitable estoppel is not available to a plaintiff as a cause of action. *Hoye v Westfield Ins Co,* 194 Mich App 696, 707; 487 NW2d 838 (1992); *Harrison Twp v Calisi,* 121 Mich App 777, 787; 329 NW2d 488 (1982).

Affirmed.[1]

---

[1] In view of our resolution, we find it is unnecessary to address defendants' alternative argument that the contest rules restrict the scope of judicial review. We recognize, however, that a split of authority exists regarding whether a contest rule that makes the decision of the promoter or sponsor final precludes judicial review of the decision. See, e.g., *Johnson, supra; Bridges v Georgiana,* 211 NJ Super 427; 511 A2d 1255 (1985); *Carlini v United States Rubber Co,* 8 Mich App 501; 154 NW2d 595 (1967); anno: *Private contests and lotteries: entrants' rights and remedies,* 64 ALR4th 1021, §§ 12-13b, pp 1065-1068.