# STATE OF MICHIGAN

# COURT OF APPEALS

---

ROBERT SCHECHTER & ASSOCIATES, INC.,
d/b/a SCHECHTER WEALTH STRATEGIES,

        Plaintiff-Appellant,

v

LEE D. CHURCHILL,

        Defendant-Appellee.

UNPUBLISHED
December 8, 2015

No. 323561
Genesee Circuit Court
LC No. 14-103067-CK

---

Before: RONAYNE KRAUSE, P.J., and MARKEY and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10) prior to discovery. Plaintiff is a "Michigan corporation that specializes in wealth management and investment alternatives, including the sale of life insurance based planning solutions." Defendant is a licensed insurance agent. Plaintiff alleged breach of contract, fraud, silent fraud, and breach of fiduciary duty based on the contention that defendant procured a sale of a life insurance policy and concealed doing so from plaintiff, in contravention of an exclusivity agreement between the parties. We agree with plaintiff that summary disposition was premature. We reverse and remand.

The parties entered into a contract in 2010 under which defendant would pursue various products on behalf of plaintiff; plaintiff would pay defendant's reasonable expenses; the parties would share the profits, and defendant would not procure any sales for himself or any entity other than plaintiff. During the pendency of the 2010 contract between the parties, non-party Christopher K. Braun began a part-time independent contractorship with plaintiff, serving as a technical expert and tax attorney. Braun was at that time under a non-competition agreement with his prior employer. Defendant's contract with plaintiff lasted until June 1, 2013, when the parties amended their agreement: defendant was no longer exclusively bound and plaintiff would no longer cover defendant's expenses. The amendment applied only to cases initiated after that date. Defendant provided plaintiff with a list of "cases already in-house," to which the original contract would still apply. Braun's independent contractorship and non-competition agreement both terminated shortly before the 2013 amendment. On July 9, 2013, defendant's association with plaintiff ended.

-1-

In December of 2013, defendant closed on a multi-million dollar life insurance policy, which generated a significant commission for defendant. The case that culminated in that policy was not included in defendant's list of "cases already in-house." Plaintiff contends that defendant had in fact been pursuing the case while still under the exclusivity agreement, and defendant failed to disclose it to avoid sharing the sales commission. In lieu of an answer, defendant moved for summary disposition, arguing that there was no genuine issue of material fact that the opportunity to make the policy sale did not arise until after June 1, 2013. Defendant and Braun both submitted affidavits to that effect. Defendant additionally pointed out that he discussed the intricacies of making the sale at a conference that he knew was attended by the son of plaintiff's namesake, Robert Schechter. Braun additionally pointed out that the insured was a former client of Braun's former employer, and he would not have contacted the insured in violation of his restrictive covenant.

Plaintiff contends that a sale of that nature could not have closed so quickly, and in additional support provided several email messages between defendant, Braun, and National Financial Partners (NFP), another wealth management entity, prior to June 1, 2013, in which they discussed a possible financing arrangement with several significant similarities to the life insurance policy arrangement. Defendant and Braun contend that their discussion was merely hypothetical and note that the discussion featured several notable differences, as well. Plaintiff sought additional discovery on the matter and argued that summary disposition before any discovery was conducted was premature.

After a hearing, the trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). This appeal followed.

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, this Court considers all evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact. *Id*. at 120. If discovery is incomplete, summary disposition is generally premature "unless no fair likelihood exists that additional discovery would reveal more support for the nonmoving party's position." *Wurtz v Beecher Metro Dist*, 495 Mich 242, 258; 84 NW2d 121 (2014).

Although the party moving for summary disposition has the initial burden of demonstrating that no material factual question exists, the nonmoving party must then show that a material question does exist. *Quinto v Cross & Peters Co*, 451 Mich 358, 361-363; 547 NW2d 314 (1996). The nonmoving party is so obligated even where discovery is incomplete, and it may not conduct a fishing expedition to attempt to do so. *Bellows v Delaware McDonald's Corp*, 206 Mich App 555, 561; 522 NW2d 707 (1994); *In re Estate of Hammond*, 215 Mich App 379, 386-387; 547 NW2d 36 (1996). Although the requisite evidence may be circumstantial, it must be more than mere conjecture. *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich

App 482, 486; 502 NW2d 742 (1993). Plaintiff contends that it submitted competent evidence establishing that a genuine question of material fact exists, or at least that there is a fair likelihood that further discoverable evidence will support its claims. We agree.[1]

Plaintiff relies in significant part on the above-mentioned email chain, assessed in the context of the life insurance financing having been particularly complex and time-consuming. The transaction discussed in the email chain and the financing of the insurance policy both involved NFP and multiple other of the same individuals; both were multi-million dollar life insurance policy transactions; both involved clients who were foreign nationals; both involved the client's borrowing significant sums and concerns about whether the financing entity would accept foreign assets for collateral, and both involved premium financing. In additional context, plaintiff avers that based on industry norms, closing a policy like the one involved would generally require at least six months of underwriting and probably many more months of sales activity; more time than was available between June 1, 2013, and the date on which the policy was closed.

Defendant points out that there are also several noteworthy distinctions between the two transactions and has presented evidence to the effect that the email chain discussed a pure hypothetical. However, we find that plaintiff has presented more than a merely plausible alternative explanation and more than a mere possibility that additional discovery could support its claims. The extensive similarities between the two transactions and the evidence that defendant's version of events would have the insurance policy close faster than would be expected makes plaintiff's version of events a reasonable inference rather than only a possibility. See *Kaminski v Grand Trunk Western R Co*, 347 Mich 417, 422; 79 NW2d 899 (1956). We conclude that the trial court erred in finding that "no fair likelihood exists that additional discovery would reveal more support for" plaintiff's position. *Wurtz*, 495 Mich at 258. Consequently, summary disposition was premature.

Reversed and remanded. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Jane E. Markey
/s/ Michael J. Kelly

---

[1] Consequently, we decline to address plaintiff's argument that defendant's motion was itself insufficient due to the alleged failure of defendant's and Braun's affidavits to conform to MCR 2.119(B)(2). For the purposes of resolving the instant appeal, we presume that defendant satisfied his initial burden as the moving party for summary disposition.