# STATE OF MICHIGAN

# COURT OF APPEALS

SAMIR H HAKKANI and DEBORAH
HAKKANI,

       Plaintiffs-Appellants,

v

POWERHOUSE GYM-ROCHESTER, INC,

       Defendant-Appellee/Cross-
       Defendant,

and

CYBEX INTERNATIONAL, INC,

       Defendant-Appellee/Cross-Plaintiff.

UNPUBLISHED
March 17, 2016

No.  326320
Oakland Circuit Court
LC No.  2013-137091-NO

Before:  M. J. KELLY, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

Plaintiffs Samir and Deborah Hakkani[1] appeal from the trial court's order granting defendant Powerhouse Gym-Rochester, Incorporated's (Powerhouse) motion for summary disposition pursuant to MCR 2.116(C)(7) and MCR 2.116(C)(10).  Plaintiffs also appeal from the trial court's order granting defendant Cybex International, Incorporated's (Cybex) later motion for summary disposition pursuant to MCR 2.116(C)(10).  For the reasons stated in this opinion, we affirm the trial court's grant of summary disposition in Powerhouse's favor, but reverse the trial court's grant of summary disposition as to Cybex and remand the case for further proceedings.

---

[1] For ease of reference, we will refer to Samir and Deborah collectively as "plaintiffs" and will refer to them individually as "Samir" and "Deborah."

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs were members of Powerhouse Gym. On December 20, 2011, they arrived around 7:00 p.m. As part of their workout, Samir and his workout partner were using a Cybex plate loaded squat press weight machine. Samir was familiar with the press and had been using it twice a week for over a year. That night, Samir had been doing his usual routine, working up from 90 pounds to 1,000 pounds, which was the machine's maximum weight.

Samir testified that after completing 12 repetitions at 1,000 pounds, he engaged the locking mechanism and heard it click. He put his left leg down and grabbed the foot plate to help him get off the press. His other foot was still on the foot plate at that time. The plate then crashed down on his right leg causing severe injuries.

On November 1, 2013, plaintiffs brought suit against Powerhouse only, alleging negligence and gross negligence in failing to properly anchor and maintain the squat press machine. At the conclusion of discovery, Powerhouse filed a motion for summary disposition which was heard on June 25, 2014. The trial court ruled pursuant to MCR 2.116(C)(7) that plaintiffs' negligence claim was barred in light of the waiver of negligence claims contained within the Powerhouse membership renewal signed by Samir.[2] As to the gross negligence claim, the trial court inquired at the hearing whether there was any evidentiary support for such a theory. Plaintiffs' counsel referred to the fact that the press was not bolted or otherwise anchored to the floor of the gym. The court stated: "I thought the claim was not that the anchoring caused the machine to tip over, but that the latching device malfunctioned" and asked plaintiffs' counsel how the alleged failure to anchor could have caused the latching device to malfunction. Plaintiffs' counsel essentially conceded that despite nearly seven months of discovery he could not yet offer any evidence of causation as to the gym, but that he hoped that additional discovery would provide it. The trial court granted the motion stating that it was "unpersuaded there's a need for further discovery on this issue." The court also suggested that any claim regarding anchoring of the press would sound in negligence, not gross negligence, and that any claims about anchoring would be precluded by the waiver of liability in the gym membership form.

Shortly before Powerhouse's motion was heard, plaintiffs filed an amended complaint, adding Cybex, the manufacturer of the squat press, as a defendant, alleging negligence and breach of warranty.[3] Following the dismissal of Powerhouse, the case continued as between plaintiffs and Cybex. On November 10, 2014, Cybex filed a motion for summary disposition, alleging that plaintiffs had failed to establish a question of fact concerning the existence of a defect in the squat press or that any such defect was the cause in fact of Samir's injuries.

---

[2] On appeal, plaintiffs have not challenged the dismissal of the negligence claim and so we do not address it further.

[3] Cybex filed a cross-claim against Powerhouse; however, that claim was dismissed by stipulation with prejudice and without costs. Therefore, should this case proceed to trial, neither party will be able to attribute fault for the accident to Powerhouse.

Plaintiffs responded that the squat press was defective for a number of reasons, including a defect in the locking mechanism. In support of their theories, plaintiffs relied on the findings and opinion of a retained expert in mechanical engineering, Dr. Harold Josephs, as set out in a deposition and affidavit. Following oral argument, the trial court granted summary disposition in Cybex's favor.

## II. POWERHOUSE GYM

Plaintiffs argue that the trial court erred in granting Powerhouse's motion for summary disposition with regard to their gross negligence claim. We disagree.

We review de novo a challenge to a trial court's decision on a motion for summary disposition. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). In reviewing a motion for summary disposition under MCR 2.116(C)(10), a court considers "affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the party opposing the motion." *Greene v A P Prods, Ltd*, 475 Mich 502, 507; 717 NW2d 855 (2006) (internal quotations and citations omitted). The motion "tests the factual support for a claim and should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011). A genuine issue of material fact exists if the record, viewed in a light most favorable to the nonmoving party, establishes a matter in which reasonable minds could differ. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

In order to establish a claim for gross negligence, a plaintiff must establish that the defendant engaged in "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." *Xu v Gay*, 257 Mich App 263, 269; 668 NW2d 166 (2003) (citations omitted). "Evidence of ordinary negligence is insufficient to create a material question of fact regarding the existence of gross negligence." *Woodman v Kera, LLC*, 280 Mich App 125, 152; 760 NW2d 641 (2008). "The issue of gross negligence may be determined by summary disposition only where reasonable minds could not differ." *Id*.

Plaintiffs asserted that Powerhouse was grossly negligent because, contrary to the warning in the owner's manual, the squat press was not anchored to the floor and was placed on an uneven surface. Although these allegations do not appear to have been in dispute, plaintiffs failed to come forward with any evidence at all showing that the failure to anchor and place the press on an even surface had a casual role in Samir's injuries. Samir conceded that the machine had not tipped over, and, although he testified that the floor was uneven, there was nothing in his deposition or any other evidence supporting an inference that his injury was caused by Powerhouse's decision to place the squat press on an uneven floor. At oral argument, plaintiffs' counsel asserted only that the summary disposition motion was premature because discovery was incomplete and referenced pending requests for discovery to Powerhouse. However, discovery

had closed on May 16, 2014, more than a month earlier and plaintiffs had not filed any motions to compel discovery.[4]

Plaintiffs did not even specify what it anticipated would be revealed by further discovery.[5] Instead, they simply speculated that further depositions could "easily shed light on the issue of gross negligence" and "foreseeably strengthen" plaintiffs' case. These assertions are insufficient to establish that further discovery would "stand a reasonable chance of uncovering factual support" for plaintiffs' position. *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 25; 672 NW2d 351 (2003).

Accordingly, because plaintiffs did not present facts sufficient to create a question of fact regarding causation as to Powerhouse, and because plaintiffs did not assert or provide an evidentiary basis for what they believed they might find to support the existence of a factual dispute, we conclude that the trial court did not err in granting Powerhouse's motion for summary disposition pursuant to MCR 2.116(C)(10).

## III. CYBEX

Plaintiffs next argue that the trial court erred in granting Cybex's motion for summary disposition. That motion challenged the adequacy of the evidence as to several elements of the claim. The trial court did not specify which element or elements it felt were lacking in proof. On appeal, however, Cybex argues only that plaintiffs failed to create a question of material fact as to cause in fact, i.e. that any alleged defect in the press played any causative role in the incident. Plaintiffs have responded by presenting the testimony and affidavit from its expert, Dr.

---

[4] Plaintiffs had filed a motion to extend discovery largely based upon the fact that Cybex had just been added to the case and had not yet been subject to discovery. However, that motion had not yet been heard and plaintiffs did not bring it to the attention of the court at the summary disposition motion. In any event, the time for discovery between the two original parties had expired and the court was under no obligation to extend it.

[5] "Generally, a motion for summary disposition is premature if granted before discovery on a disputed issue is complete." *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 24-25; 672 NW2d 351 (2003). However, "the mere fact that the discovery period remains open does not automatically mean that the trial court's decision to grant summary disposition was untimely or otherwise inappropriate." *Marilyn Froling Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009). Summary disposition may "be appropriate if further discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position." *Peterson Novelties*, 259 Mich App at 25. A plaintiff must "assert or provide an evidentiary basis for what he believed he might find to supports the existence of a factual dispute." *Village of Dimondale v Grable*, 240 Mich App 553, 567; 618 NW2d 23 (2000). In other words, a party opposing "a motion for summary disposition on the ground that discovery is incomplete . . . must at least assert that a dispute does indeed exist and support that allegation by some independent evidence." *Bellows v Delaware McDonald's Corp*, 206 Mich App 555, 561; 522 NW2d 707 (1994).

Josephs, as well as deposition testimony from Samir and lay witnesses. After review of the record, we agree with plaintiffs that there is a question of material fact as to design defect and causation and remand for further discovery and proceedings.

In his affidavit[6], Dr. Josephs explained that on December 14, 2014, he examined an exemplar of the same model of Cybex squat leg press—the Cybex 5235 Plate Loaded Squat Press—on which Samir was injured. He stated that the initial testing was performed with 90 pounds of weight on the machine and that it was demonstrated that the squat press "could appear to be placed in a locked position, i.e., proper engagement, but in reality the brake mechanism was placed in a position of false engagement." He asserted that during the testing, while the lock was in a false engagement position, "the foot pad was . . . pushed, causing the false engagement condition to disengage resulting in the foot pad going down with great speed." He stated that during one of the sequences, an inadvertent light nudge caused the locking mechanism to fail and the foot pad "to suddenly and without warning come crashing down with great speed and force, similar to the motion testified to by [Samir], when describing his injury causing accident sequence." He added that the false engagement was also shown when no weights were placed on the bar, the brake slipped, and the foot plate crashed down with great speed. Dr. Josephs opined that "[t]he false engagement condition existing on the CYBEX 5235 Squat Press is a hidden defect and [sic] and making what appears to be a benign machine into a dangerous instrumentality."

Dr. Josephs opined that the defective locking mechanism proximately caused Samir's injury because Samir acted so as to engage the lock and that the lock appeared to engage, but that in fact it only partially engaged and that as a result, the lock failed, causing the foot plate to crash down and cause the injury.[7] This is supported by other record evidence. Samir testified that he hooked the weight lock and heard it click, which is the signal that the lock is engaged. He also testified that he placed his left leg on the floor before the plate came crashing down, which, as Dr. Josephs explained, would have been impossible if the weight lock was not partially engaged.[8] Samir's testimony is further supported by the physical position in which he was found

---

[6] In its brief to this Court, Cybex argued at length that Dr. Josephs' affidavit should be disregarded. However, this was not its position at the trial court where it stipulated to the admission of Dr. Josephs' affidavit and agreed it should be considered by the trial court for purposes of the summary disposition motion. "A stipulation entered in open court is generally binding on the parties." *Ypsilanti Twp v Kircher*, 281 Mich App 251, 270; 761 NW2d 761 (2008). "A party may not waive objection to an issue and then argue on appeal that the resultant action was error." *Bonkowski v Allstate Ins Co*, 281 Mich App 154, 168; 761 NW2d 784 (2008). Moreover, contrary to the position stated in its brief on appeal, during oral argument, counsel for Cybex agreed that Dr. Josephs' affidavit was properly considered by the trial court and that it was part of the relevant record on appeal.

[7] Dr. Josephs' opinion was based on the available records, including depositions of various gym employees, patrons, and former patrons.

[8] It appears that to date, Cybex has not presented any evidence to dispute Samir's testimony about his actions just before his injury.

after the weight plate collapsed and by the fact that his injuries were only to his right, not his left leg. These facts, viewed in the light most favorable to plaintiffs, are plainly sufficient to create a question of material fact as to defect and causation.

## IV. CONCLUSION

For the reasons stated in this opinion, we affirm the trial court's grant of summary disposition in Powerhouse's favor, and we reverse the trial court's grant of summary disposition in Cybex's favor. We remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro