*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TYROSH BROWN,

      Plaintiff-Appellant,

v

AVALON BUILDING CONCEPTS,

      Defendant-Appellee.

UNPUBLISHED
June 29, 2023

No. 363743
Kent Circuit Court
LC No. 16-011256-CK

Before: GLEICHER, C.J., and RICK and MALDONADO, JJ.

PER CURIAM.

This case involves a breach-of-contract claim. Plaintiff, a self-represented litigant, appeals as of right the trial court's order granting defendant summary disposition under MCR 2.116(C)(10). We affirm.

## I. FACTUAL BACKGROUND

This case returns to us for a second time after proceedings on remand. A panel of this Court summarized the relevant facts and procedural history in the prior appeal:

> The parties entered into a contract in which defendant agreed to replace plaintiff's roof. Defendant completed the work and received payment in full. In December 2016, plaintiff filed this suit in Kent Circuit Court, alleging that defendant's work on his roof was unsatisfactory. The trial court held a scheduling conference, at which it explicitly advised the *pro se* plaintiff that both parties would be required to comply with applicable court rules and the trial court's scheduling order. In May 2017, defendant served discovery requests to plaintiff, including requests for admissions, requests for production, and interrogatories. Plaintiff failed to reply to these written discovery requests. Defendant filed a second set of requests for admissions in July 2017, to which plaintiff filed a response of blanket denials as to each request except those pertaining to the identities of the parties. Plaintiff failed to file a witness list or otherwise disclose any witnesses he would present at trial. The parties were also ordered to attend case evaluation. A notice to appear at case evaluation was sent to both parties, stating that failure to attend

-1-

may result in dismissal under MCR 2.504(B). Plaintiff acknowledges that he arrived at case evaluation late, after defendant had left.

> After case evaluation, defendant moved for dismissal based on plaintiff's failure to file witness lists, respond to discovery requests, or fully participate in mediation or case evaluation. Plaintiff filed a written objection but did not appear at the hearing on the motion. The trial court granted defendant's motion, finding that plaintiff had failed to comply with pretrial procedure. Plaintiff objected to entry of an order to dismiss submitted under MCR 2.602(B)(3), alleging that dismissal would be illegal, unlawful, and biased. The trial court considered plaintiff's objection but reiterated that plaintiff had repeatedly failed to comply with the court's scheduling order despite being advised of the court's orders and rules at the scheduling conference. [*Brown v Avalon Building Concepts*, unpublished per curiam opinion of the Court of Appeals, issued March 19, 2019 (Docket No. 341867), pp 1-2.]

This Court reversed the trial court's order granting defendant's motion to dismiss and remanded with directions for the trial court to consider whether dismissal was an appropriate sanction in light of *Vicencio v Ramirez*, 211 Mich App 501, 506-507; 536 NW2d 280 (1995), which sets forth a nonexhaustive list of factors that should be considered before dismissal is granted. *Id.* at 2-3.

After remand, defendant again moved to dismiss plaintiff's action under MCR 2.504(B)(1), contending that defendant failed to respond to discovery requests, abide by a scheduling order, and satisfactorily participate in court-ordered case evaluation and mediation. The trial court was not convinced that dismissal was warranted and denied the motion.

Defendant then moved for summary disposition pursuant to MCR 2.116(C)(10). Defendant explained that plaintiff contracted with them to remove the roof on the house and the front porch, repair trusses and install new fascia on the west side of the roof, cover the roof with new plywood, fix the beams and floor joists on the porch, install new drip edges and ice protectors around the roof, and finally, install a new roof. Defendant completed the work, and the city approved it in full after some back and forth over obtaining a permit for the porch repairs, as well as some building code issues regarding the installation of chimney flashing. According to defendant, plaintiff never complained about the quality of the work before filing the instant lawsuit. Defendant argued that summary disposition was appropriate because all of the repairs had been properly completed in accordance with the contract, and noted that plaintiff expressly admitted that all of the repair jobs had been completed in response to defendant's interrogatories. Additionally, although plaintiff claimed defendant did "a sloppy job," defendant argued that plaintiff never provided evidence that defendant breached the contract. For all of these reasons, defendant argued that no genuine issue of material fact existed to support plaintiff's argument that defendant breached the contract. Defendant thus asked the court to grant its motion for summary disposition.

Plaintiff did not respond to defendant's motion for summary disposition. At a hearing on the motion, the trial court confirmed that plaintiff admitted that defendant completed all of the contracted-for work in his answers to defendant's interrogatories, and found that plaintiff's admissions supported defendant's contention that it performed all of its duties as obligated under

the contract. The trial court also observed that plaintiff failed to respond to defendant's motion for summary disposition and proffered no affidavits or other evidence to support his breach-of-contract claim, and ultimately granted defendant's motion for summary disposition. This appeal followed.

## II. ANALYSIS

Plaintiff argues that defendant breached the contract for the repair of his roof, and thus that the trial court erred by granting defendant summary disposition under MCR 2.116(C)(10). We disagree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). "A motion under MCR 2.116(C)(10) tests the factual support for a claim and should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Anzaldua v Neogen Corp*, 292 Mich App 626, 630; 808 NW2d 804 (2011). A genuine issue of material fact " 'exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ.' " *Cox v Hartman*, 322 Mich App 292, 299; 911 NW2d 219 (2017), 503 Mich 911 (2018) (citation omitted). The nonmoving party cannot simply state that summary disposition is premature without identifying a disputed issue and supporting that issue with independent evidence. *Bellows v Delaware McDonald's Corp*, 206 Mich App 555, 561; 522 NW2d 707 (1994).

To prevail on a breach-of-contract claim, a party must show that "(1) there was a contract, (2) the other party breached the contract, and (3) the breach resulted in damages to the party claiming breach." *Bank of America, NA v First American Title Ins Co*, 499 Mich 74, 100; 878 NW2d 816 (2016). A breach occurs "when the promisor fails to perform under the contract." *Blazer Foods, Inc v Restaurant Props, Inc*, 259 Mich App 241, 245-246; 673 NW2d 805 (2003). "The party asserting a breach of contract has the burden of proving its damages with reasonable certainty, and may recover only those damages that are the direct, natural, and proximate result of the breach." *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 512; 667 NW2d 379 (2003).

The crux of plaintiff's argument is that defendant breached the contract for the repair of his roof by failing to properly complete said repairs. However, the substance of plaintiff's argument in support of his breach-of-contract claim is wholly inadequate. Rather than explain how defendant breached the contract, or why the trial court erred by granting summary disposition under MCR 2.116(C)(10), plaintiff's sole argument, which he raises for the first time on appeal, is that summary disposition as a concept is improper and against the letter of the law. Further, plaintiff only discusses summary disposition in the context of Securities and Exchange Commission (SEC) administrative hearings, which is irrelevant to the breach-of-contract claim plaintiff has raised here. "A party may not simply announce a position and leave it to this Court to make the party's arguments and search for authority to support the party's position. Failure to adequately brief an issue constitutes abandonment." *Seifeddine v Jaber*, 327 Mich App 514, 519-520; 934 NW2d 64 (2019) (internal citation omitted). Because plaintiff has failed to present any evidence on appeal to support his argument that defendant breached the contract between the parties by negligently or improperly completing the contracted-for repairs, we have no choice but to consider the issue abandoned.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado