*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD BLADE,

        Plaintiff-Appellant,

v

OAKLAND COUNTY, OAKLAND COUNTY
PARKS & RECREATION, and HOLLY OAKS
ORV PARK,

        Defendants-Appellees.

UNPUBLISHED
June 12, 2025
2:30 PM

No. 371082
Oakland Circuit Court
LC No. 2023-204339-NO

Before: MALDONADO, P.J., and M. J. KELLY and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's opinion and order granting defendants' motion for summary disposition under MCR 2.116(C)(7). We affirm.

## I. BACKGROUND AND PROCEDURAL HISTORY

On April 30, 2022, plaintiff Richard Blade was injured in a collision with another vehicle while operating his off-road motorcycle at Holly Oaks ORV Park (the "Park"). Plaintiff brought this complaint against defendants Oakland County, Oakland County Parks & Recreation, and the Park, alleging that they "committed negligence and/or gross negligence" by designing, constructing, and operating the Park.[1]

In lieu of an answer, defendants moved for summary disposition under MCR 2.116(C)(7) and (C)(8). Defendants argued that plaintiff's claims are barred under the Governmental Tort Liability Act ("GTLA"), MCL 691.1401 *et seq.*, because they did not operate the Park as a proprietary function, and because plaintiff failed to properly plead gross negligence because gross

---

[1] Defendants point out "Plaintiff's naming of 'Holly Oaks ORV Park' as a defendant in this case is improper because Holly Oaks ORV Park is not a governmental agency, but rather is a place (park)."

negligence only applies to natural persons. Defendants alternatively argued that plaintiff's claims are barred because he signed a release. In response, plaintiff contested defendants' argument that the Park was not a proprietary function. Plaintiff also requested leave to amend his complaint. With regard to an amended complaint, plaintiff briefly asserted that "given the numerous issues that still exist in this matter, including the identity of the person or contractor who failed to place any barricades, blockades or directional signs controlling access to the 'Bathtub' track, amendment would not be futile."

At the motion hearing, plaintiff explained he was currently seeking, through discovery, to identify the names of the third-party contractors and other individuals defendants used to build and maintain the Park. According to plaintiff, once he knew the names of the contractors and other relevant individuals, he would dismiss the existing county defendants.

Before the trial court issued its decision on defendants' motion for summary disposition, plaintiff filed an emergency motion for leave to amend his complaint. A few days later, after withdrawing his emergency motion, plaintiff filed his amended complaint, which defendants moved to strike.[2] At the hearing on defendants' motion to strike, plaintiff explained that the statute of limitations was approaching for his claims, and he filed the amended complaint because the trial court had yet to rule on his motion for leave. Plaintiff confirmed that he sought discovery to elicit the names of the individuals involved in the building and maintenance of the Park.

The trial court granted defendants' motion for summary disposition by a written opinion and order, ruling that defendants were entitled to summary disposition because the Park was not a proprietary function and, with regard to the gross-negligence claim, because gross negligence only applies to natural persons. In addition, the trial court denied plaintiff's request to amend his complaint and granted defendants' motion to strike the amended complaint that he filed without leave of the court.

This appeal followed. On appeal, plaintiff argues that (1) the trial court prematurely granted summary disposition in favor of defendants because discovery was not yet complete, as he was still unaware of the individuals who could be named as additional defendants; and (2) the trial court erred by denying his motion for leave to file an amended complaint and, relatedly, by granting defendants' motion to strike the amended complaint that he actually filed.

## II. SUMMARY DISPOSITION

Plaintiff first argues that the trial court erred when it granted defendants' motion for summary disposition because discovery was not yet complete.[3] We disagree.

---

[2] Both the amended complaint actually filed by plaintiff, as well as the proposed amended complaint accompanying his motion for leave, identified multiple natural persons and "John Does" as defendants.

[3] Plaintiff does not contest the trial court's determination that the Park is not a propriety function. In other words, he does not challenge the trial court's ruling that defendants are protected by

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *BC Tile & Marble Co v Multi Bldg Co, Inc*, 288 Mich App 576, 583; 794 NW2d 76 (2010). "Summary disposition is appropriate under MCR 2.116(C)(7) when a claim is barred by immunity granted by law." *Norman v Dep't of Transp*, 338 Mich App 141, 146; 979 NW2d 390 (2021). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019) (emphasis omitted). "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*. at 160.

"It is well settled that Michigan follows an open, broad discovery policy that permits liberal discovery of any matter, not privileged, that is relevant to the subject matter involved in the pending case." *Reed Dairy Farm v Consumers Power Co*, 227 Mich App 614, 616; 576 NW2d 709 (1998). "This Court has held that a grant of summary disposition is premature if granted before discovery on a disputed issue is complete." *Bellows v Delaware McDonald's Corp*, 206 Mich App 555, 561; 522 NW2d 707 (1994). "If a party opposes a motion for summary disposition on the ground that discovery is incomplete, the party must at least assert that a dispute does indeed exist and support that allegation by some independent evidence." *Id*. "To show that summary disposition was premature, a party must show that further discovery presents a fair likelihood of uncovering factual support for the party's position." *Mazzola v Deeplands Dev Co, LLC*, 329 Mich App 216, 230; 942 NW2d 107 (2019) (quotation marks and citation omitted). "Mere conjecture does not entitle a party to discovery, because such discovery would be no more than a fishing expedition." *Davis v City of Detroit*, 269 Mich App 376, 380; 711 NW2d 462 (2006).

In this case, plaintiff stated that his goal of discovery was not to uncover information to support his original claims against the county defendants. Rather, plaintiff admitted that he was seeking to identify the names of individuals who could be named as defendants in lieu of the county defendants. In this regard, during the hearing on defendants' motion for summary disposition, plaintiff stated: "We're seeking to name that individual. We can dismiss Oakland County at that time," and "[o]nce we find that information out, I believe [defense counsel] will be satisfied because we'll no longer be chasing his client."

As noted, plaintiff does not contest the trial court's determination that the Park was not a proprietary function, thus entitling the existing county defendants to summary disposition under MCR 2.116(C)(7). Consequently, even if additional discovery was allowed by the trial court, his claims against defendants still would fail. In other words, the fact that plaintiff was seeking to identify possible individual defendants does not change the fact that each of the named defendants were entitled to summary disposition when the trial court entered its opinion and order. Thus, the named defendants were entitled to dismissal of the case at that time. See MCR 2.116(I)(1) ("If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other

---

governmental immunity. See MCL 600.1413 ("The immunity of the governmental agency shall not apply to actions to recover for bodily injury or property damage arising out of the performance of a proprietary function . . . .").

proofs show that there is no genuine issue of material fact, the court shall render judgment without delay."). Moreover, we are unaware of any authority to suggest that a case should remain open under these circumstances, i.e., where each of the named defendants are entitled to summary disposition on the merits. Accordingly, the trial court did not err by granting summary disposition in favor of defendants.[4]

## III. MOTION TO AMEND AND STRIKE

Plaintiff next argues that the trial court erred when it denied his motion to amend his complaint. Plaintiff relatedly argues that the trial court erred when it struck his amended complaint from the record. We disagree.

"We review a trial court's decision on a motion to amend pleadings for an abuse of discretion." *Charter Twp of Pittsfield v Washtenaw Co Treasurer*, 338 Mich App 440, 458; 980 NW2d 119 (2021). "This Court reviews a trial court's decision regarding a motion to strike a pleading pursuant to MCR 2.115 for an abuse of discretion." *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 469; 666 NW2d 271 (2003). "A trial court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes." *Andreson v Progressive Marathon Ins Co*, 322 Mich App 76, 83; 910 NW2d 691 (2017). "We . . . review de novo the interpretation of court rules[.]" *Vyletel-Rivard v Rivard*, 286 Mich App 13, 20; 777 NW2d 722 (2009).

## A. MOTION TO AMEND

Initially, we note that on April 12, 2024, plaintiff filed a motion for leave to file an amended complaint, but on April 23, 2024, he withdrew his motion. Plaintiff did, however, imply during a May 8, 2024 motion hearing that the trial court should allow him an opportunity to file an amended complaint. Under these circumstances, it is debatable as to whether plaintiff waived any claim of error with regard to his argument on appeal that the trial court erred by failing to allow him to file an amended complaint. See *Byrne v Schneider's Iron & Metal, Inc*, 190 Mich App 176, 184; 475 NW2d 854 (1991). In any event, on the record before us, we conclude that the trial court did not err or otherwise abuse its discretion by failing to allow plaintiff to file an amended complaint.

MCR 2.118(A), which governs amended pleadings, provides, in relevant part:

---

[4] We note that the court rules contemplate unknown parties, see MCR 2.201(D), as well as "John Doe" complaints and "John Doe" defendants, see *Rheaume v Vanderberg*, 232 Mich App 417, 424; 591 NW2d 331 (1998). See also 1A Michigan Pleading and Practice (2d ed), § 15:50, titled "Unknown claimants or 'John Doe' defendants." In the federal system, a litigant in the position of plaintiff here would file a complaint identifying "John Doe" as the defendant, and then seek discovery through a third-party subpoena to ascertain the actual identity of John Doe. See, e.g., *Uber Technologies, Inc v Doe*, 2015 WL 1205167 (ND Cal, 2015).

(1) A party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading.

(2) Except as provided in subrule (A)(1), a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires.

"Under MCR 2.118(A)(2), leave to amend pleadings should be freely given when justice so requires." *Miller v Chapman Contracting*, 477 Mich 102, 105; 730 NW2d 462 (2007) (quotation marks and citation omitted). "Reasons that justify denying leave to amend include undue delay, undue prejudice to the defendant, or futility." *Charter Twp of Pittsfield*, 338 Mich App at 459.

MCR 2.110(A) defines pleadings as: (1) a complaint; (2) a cross-claim; (3) a counterclaim; (4) a third-party complaint; (5) an answer to a complaint, cross-claim, counterclaim, or third-party complaint; and (6) a reply to an answer. MCR 2.110(A)(1) to (6). "No other form of pleading is allowed." MCR 2.110(A). "A motion for summary disposition is not a responsive pleading under MCR 2.110(A)." *Village of Edmore v Crystal Automation Sys, Inc*, 322 Mich App 244, 261; 911 NW2d 241 (2017) (quotation marks and citation omitted).

In this case, defendants filed a motion for summary disposition in lieu of an answer. Because a motion for summary disposition is not a responsive pleading, *id*., plaintiff did not have an opportunity to file an amended complaint as a matter of right under MCR 2.118(A)(1). See 1 Longhofer, Mich Court Rules Practice (8th ed), § 2118.2 ("A party may . . . not respond to a motion under [MCR 2.116 or MCR 2.115] with an amended pleading designed to cure the defect revealed by the motion (assuming a responsive pleading has not also been filed and served more than 14 days before the proposed amendment).").[5] Moreover, plaintiff provides no argument on appeal with respect to MCR 2.118(A)(2). Thus, we decline to address whether the trial court hypothetically would have abused its discretion under that subrule. See *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) ("It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims,

---

[5] Even if defendants' motion for summary disposition was a responsive pleading, MCR 2.118(A)(1) requires that the amended complaint be filed within 14 days of service of the responsive pleading. Defendants served plaintiff with their motion for summary disposition on December 28, 2023. Plaintiff hypothetically had until January 11, 2024, to file his amended complaint under MCR 2.118(A)(1). However, plaintiff filed his amended complaint on April 29, 2024, 123 days later. Consequently, even if plaintiff was allowed to file his amended complaint under MCR 2.118(A)(1), it was untimely.

-5-

or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.") (quotation marks and citation omitted).[6]

We acknowledge MCR 2.116(I)(5), which provides:

> If the grounds [in a motion for summary disposition] asserted are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified.

Here, the trial court granted summary disposition in favor of defendants on the basis of governmental immunity, a matter contemplated by MCR 2.116(C)(7) (immunity granted by law). MCR 2.116(I)(5) only allows for an opportunity to file an amended pleading if the opposing party is granted summary disposition under MCR 2.116(C)(8), (C)(9), or (C)(10). Thus, the trial court did not err by declining to allow plaintiff an opportunity to file an amended complaint under MCR 2.116(I)(5).[7]

## B. MOTION TO STRIKE

Finally, plaintiff challenges the trial court's decision to grant defendants' motion to strike his amended complaint under MCR 2.115(B).[8]

As discussed, MCR 2.118(A)(1) allows for an amended complaint to be filed, as a matter of course, within 14 days of service of the first responsive pleading, while an amended complaint under MCR 2.118(A)(2) only is allowed by leave of the trial court or by written consent of the adverse party. "A motion for summary disposition is not a responsive pleading under MCR 2.110(A)." *Village of Edmore*, 322 Mich App at 261 (quotation marks and citation omitted). Thus, because defendants' motion for summary disposition was not a pleading, MCR 2.118(A)(1) did not allow plaintiff to file his amended complaint as a matter of right.

Because MCR 2.118(A)(1) does not apply, plaintiff had to file his amended complaint under MCR 2.118(A)(2). However, plaintiff filed his amended complaint without leave of the trial court on April 29, 2024. The trial court determined that plaintiff did not have leave to amend his

---

[6] In addition to the matters noted in footnote four, *supra*, we also note that the court rules contemplate joinder and substitution of parties. See, e.g., MCR 2.202 and MCR 2.206. None of these court rules were discussed by the parties below or on appeal.

[7] Indeed, the trial court specifically highlighted the subrule on which it granted summary disposition in its opinion and order: "The Court finds that an amendment would be futile in this case because Plaintiff cannot overcome the fact that Defendants are entitled to summary disposition based on governmental immunity pursuant to MCR 2.116(C)(**7**)." (Emphasis in original.)

[8] MCR 2.115(B) provides that "[o]n motion by a party or on the court's own initiative, the court may strike from a pleading redundant, immaterial, impertinent, scandalous, or indecent matter, or may strike all or part of a pleading not drawn in conformity with these rules."

complaint, and there was no record indicating that defendants provided consent to file an amended complaint. A motion to strike is properly granted if "a pleading [is] not drawn in conformity with [the court] rules." MCR 2.115(B). Plaintiff was not entitled to an amendment under MCR 2.118(A)(1) and did not adhere to the requirements of MCR 2.118(A)(2). As such, the trial court did not err when it granted defendants' motion to strike plaintiff's amended complaint.

## IV. CONCLUSION

For the reasons stated above, we affirm.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Michael J. Riordan